HENRY F. DURE,

*vs.*

ALLEN L. SHARPE.

*New Castle, April* 25, 1910.

When not otherwise provided in the terms of sale, the purchaser at a sale of land in partition proceedings must pay for the drawing of the deed, and may have it drawn by his own solicitor, and the trustee making the sale is not entitled to be paid for drawing it.

PETITION FOR THE EXECUTION AND DELIVERY OF A DEED BY A TRUSTEE IN PARTITION PROCEEDINGS. John J. Hanley, the purchaser of the premises described in the petition for partition in this cause, presented a petition alleging that he was the purchaser of said premises at the sale thereof by the trustee appointed by this Court for that purpose; that the sale was approved and confirmed by the Chancellor; and that the trustee had been ordered to execute and deliver a deed for said premises to the purchaser; that a proper deed for said premises had been tendered by the petitioner for execution and delivery by said trustee; that the trustee had refused and declined to execute and deliver a deed until he should be paid the sum of ten dollars by said purchaser; that at the sale no announcement was made concerning the payment by the purchaser of said sum to the trustee for a deed; and that the petitioner objected to the payment of said sum to the trustee. The petition prayed that said trustee be ordered and directed to execute and deliver the deed tendered by the petitioner, without any obligation on the part of the petitioner to pay the said sum.

No answer was filed by the trustee to the petition, but at the hearing the trustee admitted that the terms of sale contained no provision concerning the preparation of a deed, or charge therefor, by said trustee.

*Harry Emmons*, for trustee.

*Charles F. Curley*, for petitioner.

THE CHANCELLOR. The petitioner, the purchaser, raises the question whether the trustee can refuse to execute the deed tendered to the trustee by the purchaser for execution by the trustee until the trustee, a solicitor of this Court, has been paid a fee for drawing a deed for the premises sold. In response to the petition the trustee tendered to the purchaser a deed drawn by the trustee, upon being paid a fee for drawing it. In partition causes in Chancery the order of the Court is that the trustee "execute and deliver" a deed to the purchaser, without stating by whom it is drawn or to whom payment is to be made of the fee for drawing it, and there is no rule of Court, or provision of law, on the subject, or fee fixed by law therefor. There was in the condition of sale no mention of the matter. The practice has varied. There is in the Orphans' Court of New Castle County a precedent by which I shall be governed without further consideration of the principles of law, or other precedents applicable to the matter, if there be any. Judge Grubb ruled that the purchaser had a right to draw, or have drawn by his counsel, a deed for land bought at a sale made by an executor for the payment of debts of a decedent, where one of the terms publicly announced at the sale was that the deed would be made at the expense of the purchaser, without stating by whom it should be drawn, and that the purchaser was not obliged to pay the attorney for the executor for drawing the deed tendered to the purchaser by the executor in place of the deed tendered by the purchaser to the executor for execution. This ruling is known to the bar, and I will follow it, and, if necessary, make an order that the trustee execute the deed tendered to him by the solicitor for the purchaser, for I consider I have jurisdiction to make such an order.

It would follow that the fee for the acknowledgment of the deed should be paid by the purchaser, and, of course, the cost of recording the deed.

Under the circumstances of this case the costs on this petition will be divided between the petitioner and the trustee.